UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EZEKIEL HARMON,

    Plaintiff,

v.                                        Case No.:  3:23-cv-1054-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

**OPINION AND ORDER**

Plaintiff Ezekiel Harmon seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C. Procedural History

On November 2, 2020, Plaintiff applied for a period of disability and disability insurance benefits and for supplemental security income, alleging disability beginning on February 10, 2018. (Tr. 116, 117, 308-316). The applications were denied initially and on reconsideration. (Tr. 116, 117, 140, 141). Plaintiff requested a hearing and on October 24, 2022, a hearing was held before Administrative Law Judge Scott Morris ("ALJ"). (Tr. 41-69). On December 15, 2022, the ALJ entered a decision finding Plaintiff not under a disability from February 10, 2018, through the date of the decision. (Tr. 19-34).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on July 17, 2023. (Tr. 1-6). Plaintiff began this action by Complaint (Doc. 1) filed on September 8, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

## D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through March 31, 2023. (Tr. 21). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 10, 2018, the alleged onset date. (Tr. 21). At step two, the ALJ found that Plaintiff had the following severe impairments: "Osteoarthritis;

Epilepsy; Obesity; Bipolar Disorder; Anxiety; Panic Disorder; and Post-Traumatic Stress Disorder (PTSD)." (Tr. 21). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 22).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 [C.F.R. §§] 404.1567(c) and 416.967(c), except that the claimant can frequently climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance, stoop, kneel, crouch, and crawl; frequently reach in all directions, including overhead, with the right-upper extremity; never work around unprotected heights or moving mechanical parts; never operate a motor vehicle as part of job duties of performed. He can understand, remember, and carry out simple instructions; use judgment to make simple, work-related decisions; adapt to occasional changes in a routine work setting; maintain concentration for two-hour increments; and occasionally interact with supervisors, coworkers, and the general public.

(Tr. 24).

At step four, the ALJ determined that Plaintiff is unable to perform his past relevant work as a correction officer. (Tr. 32). At step five, the ALJ found that considering Plaintiff's age (39 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that

existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 32). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1) Change-house attendant, DOT 358.687-010,[1] medium, SPV 2

(2) Meat clerk, DOT 222.684-010, medium, SVP 2

(3) Hand packager, DOT 920.587-018, medium, SVP 2

(Tr. 33). The ALJ concluded that Plaintiff had not been under a disability from February 10, 2018, through the date of the decision. (Tr. 33).

## II.   Analysis

On appeal, Plaintiff raises two issues:

(1) In assessing Plaintiff's mental residual functional capacity, the Commissioner failed to properly consider the episodic nature of bipolar disorder and further erred in improperly focusing on examination findings during periods of relative stability; and

(2) The Commissioner's rejection of Dr. Knox's examining opinion failed to comply with applicable regulations and case law governing the evaluation of medical source opinions.

(Doc. 20, p. 1).

### A.   Episodic Nature of Bipolar Disorder

Plaintiff contends that the ALJ failed to adequately consider the episodic nature of his bipolar disorder and his other mental impairments. (Do. 20, p. 9).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

Plaintiff claims that instead, the ALJ focused mainly on mental health notes from the times of relative stability to the exclusion of notes during mental exacerbations. (Doc. 20, p. 9). Plaintiff also claims that the ALJ failed to recognize that Plaintiff had a fourth psychiatric admission during the relevant period, just a few months before the hearing. (Doc. 20, p. 9). Finally, Plaintiff argues that the ALJ cherry-picked through the records to the exclusion of evidence supporting Plaintiff's inability to perform full-time, sustained work. (Doc. 20, p. 21).

      The Commissioner contends that the ALJ performed his duty in evaluating the evidence to assess Plaintiff's RFC. (Doc. 21, p. 5). The Commissioner claims that the ALJ explicitly pointed out that Plaintiff experienced fluctuations in his symptoms and considered both periods of stability and periods of exacerbation of symptoms. (Doc. 21, p. 7). The Commissioner also contends that the ALJ included limitations in the RFC assessment that reflect his consideration of Plaintiff's fluctuating mental impairments. (Doc. 21, p. 7). These limitations include, understanding, remembering, and carrying out simple instructions; using judgment to make simple, work-related decisions; adapting to occasional changes in a routine work setting; maintaining concentration for two-hour increments; and occasionally interacting with supervisors, coworkers, and the general public. (Doc. 21, p. 7). The Commissioner asserts that the ALJ accounted for Plaintiff's limitations caused by his mental impairments, including his bipolar disorder. (Doc. 21, p. 7).

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

Mental disorders, especially bipolar disorder, "are characterized by the unpredictable fluctuation of their symptoms, and thus it is not surprising that even a highly unstable patient will have good days or possibly good months." *Simon v. Comm'r*, Soc. Sec. Admin., 7 F.4th 1094, 1106 (11th Cir. 2021). The Eleventh Circuit found that people with chronic diseases can experience good and bad days. *Id.* (citing *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1267 (11th Cir. 2019)).[2]

---

[2] The Commissioner argues that the reliance on cases such as *Simon* and *Schink*, *supra*, is misplaced because these cases were decided before the change in regulations regarding the consideration of medical providers' opinions, citing *Vergara v. Comm'r of Soc. Sec.*, No. 22-11671, 2023 WL 5814433, at *3 (11th Cir. Sept. 8, 2023). While *Simon* and *Schink* were decided under different regulations, the portions the Court cites relate to bipolar disorder and are not cited in consideration of a medical provider's opinion.

Thus, a snapshot of a single moment says little about an individual's overall condition. *Id.*

In particular, when an ALJ finds bipolar disorder and other mental impairments severe at step two – such as he did here – the ALJ must include limitations in the RFC assessment and the hypothetical to the vocational expert that reflect these limitations in Plaintiff's ability to work. *Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1047 (11th Cir. 2020); (Tr. 21). In particular, an ALJ must account for unexcused absences or time spent off-task, if these limitations are reflected in the record. *Id.*

In the decision, the ALJ summarized the medical and other evidence of record. (Tr. 25-32). The ALJ mentioned that Plaintiff was involuntarily committed under the Baker Act for abnormal behavior on February 8, 2020 and August 5, 2020, and was admitted to Memorial Hospital after a psychotic episode at home on December 26, 2020. (Tr. 27-28). The ALJ provided few details of these inpatient hospitalizations. (Tr. 27-28). While simply mentioning the three-inpatient hospitalizations for exacerbated mental symptoms, the ALJ discussed more in depth many generally normal mental status examinations throughout the relevant period. (Tr. 27-29). As Plaintiff points out, the ALJ failed to mention that about two months prior to the hearing, Plaintiff was again involuntarily committed under the Baker Act on August 25, 2022, because he was extremely agitated and hostile, threatening that

he was going to shoot people. (Tr. 1729-38). At this involuntary hospitalization, Plaintiff could not elaborate on his condition secondary to severe psychosis. (Tr. 1729).

In the broad area of concentrating, persisting, or maintaining pace, the ALJ found Plaintiff had moderate limitations. (Tr. 23). Within this broad area, the State agency psychological consultant, Yamir Laboy, Psy.D. found was moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 125). The ALJ found this opinion persuasive as it was well supported by the fully developed record. (Tr. 31).

The ALJ also found that Plaintiff's impairments, including his mental impairments, were generally under good control. (Tr. 30). Yet he and the State agency psychological consultant found Plaintiff moderately limited in sustaining concentration and persistence, especially as to completing a normal workday and workweek without interruption form psychologically based symptoms. (Tr. 23-24, 125). The ALJ did not account for any unexpected absences due to exacerbation of Plaintiff's mental symptoms or explain why these absences would not affect Plaintiff's ability to work. *See Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1047 (11th Cir. 2020) ("In particular, the ALJ did not account for unexcused

absences or time spent off-task, which were limitations caused by Ms. Samuels's bipolar disorder that were reflected in the record. Dr. Flemenbaum opined that Ms. Samuels was 'moderately limited' in her ability to complete a normal workweek."). While the RFC and hypotheticals to the vocational expert contained some limitations directed to Plaintiff's mental impairments – such as understanding, remembering, and carrying out simple instructions; using judgment to make simple decisions; and maintaining concentration for two-hour increments – these limitations are insufficient to account for Plaintiff's moderate limitations in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. Alternatively, the ALJ failed to explain why Plaintiff's exacerbated symptoms that led to his hospitalizations for these episodes would not affect Plaintiff's ability to complete fulltime sustained work. Substantial evidence does not support the ALJ's RFC assessment and hypotheticals to the vocational expert, and remand it warranted.

    B.    **Peter Knox, Psy.D.'s Opinion**

Plaintiff also challenges the ALJ's assessment of Dr. Knox's opinions, which found his opinions unsupported by the medical evidence. (Doc. 20, p. 21). Based on this action being remanded to reconsider the medical evidence of record to reassess Plaintiff's RFC, the Commissioner is directed to reconsider Dr. Knox's opinions as well.

## III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's RFC assessment and Dr. Knox's opinions in light of the medical and other evidence of record. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 15, 2024.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties